**Mary Kathleen COLE and C. Raymond Cole, Appellees,**

v.

**Michael TAYLOR, Appellant.**

No. 64483.

Supreme Court of Iowa.

Feb. 18, 1981.

John A. McClintock and David L. Brown, of Hansen, McClintock & Riley, Des Moines, for appellant.

Thomas Hyland and Timothy Pearson, of Hyland, Laden & Pearson, P. C., Des Moines, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, ALLBEE, and SCHULTZ, JJ.

HARRIS, Justice.

The question here is whether a patient may recover in tort from her psychiatrist on a claim that, in his professional capacity, he negligently failed to prevent her from committing murder. The trial court believed that such a claim could be pursued. We think, as a matter of public policy, it cannot. We accordingly reverse the trial court.

On September 15, 1977, Mary Kathleen Cole (plaintiff) shot and killed Alan Tyler. The victim, a Des Moines physician, was the former husband of the plaintiff. Plaintiff was thereafter charged, tried and convicted of first-degree murder. We affirmed her conviction in *State v. Cole,* 295 N.W.2d 29

(Iowa 1980). It is unnecessary to repeat the statement of facts detailed in that opinion.

The plaintiff began seeing defendant-psychiatrist Michael Taylor in May 1977 for treatment of an unspecified mental disorder. She alleges that through this course of treatment defendant became privy to information that she had violent inclinations and was considering killing her former husband. She complains that the defendant failed in his treatment of her, that he failed to restrain her by hospitalization, and failed to warn her former husband of any impending danger.

Plaintiff is the defendant in a separate wrongful death suit brought by her former husband's estate but there is apparently no claim made by the estate against the defendant Dr. Taylor. In this suit plaintiff alleges a number of specific acts which she claims were negligent and which proximately caused her to take her former husband's life. She also asks for contribution or indemnity in the event she is found liable in the suit brought by Dr. Tyler's estate. Plaintiff's present husband, C. Raymond Cole, joined in this action, seeking damages derived from the claims of this plaintiff. Although his action is not derivative, we believe it must fall on the same public policy grounds which prevent plaintiff wife's recovery. For simplicity we refer to plaintiff wife in the singular.

Defendant moved to dismiss this suit on social policy grounds. He argues that, to permit a cause of action for damages to a convicted murderer for the very act she was convicted of, is at odds with established social mores. A separate defense, which we do not reach, asserts the doctor-patient privilege bars this suit. After the motion to dismiss was overruled we granted permission to bring this interlocutory appeal.

I. A defendant undertakes a heavy burden in filing a motion to dismiss. The rule is that:

> [a] motion to dismiss is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts provable under the allega-

tions. The motion admits the allegations and waives any ambiguity or uncertainty in the pleading. The allegations are construed in their light most favorable to the pleader, and doubts are resolved in his favor. [Authority.]

> The motion cannot be based upon facts not alleged in the pleading which is assailed, unless judicial notice can be taken of additional facts.

*Curtis v. Bd. of Sup'rs of Clinton County,* 270 N.W.2d 447, 448 (Iowa 1978).

In her petition, the plaintiff attempts to assert three theories of liability. Plaintiff's first theory is one of ordinary medical malpractice:

> A prima facie case of medical malpractice must normally consist of evidence which establishes the applicable standard of care, demonstrates that this standard has been violated, and develops a causal relationship between the violation and the harm complained of.

*Daboll v. Hoden,* 222 N.W.2d 727, 734 (Iowa 1974). *See generally* Prosser, Handbook of the Law of Torts, § 32, p. 162. Plaintiff can also cite Prosser, § 56 at p. 350, on the subject of the duty to control the conduct of others:

> The same rule has been applied to those who have taken charge of dangerous lunatics, and logically should apply, in cases where there is recognizable great danger, to those who have charge of criminals. In all such cases, the duty is not an absolute one to insure safety, but requires only reasonable care, and there is no liability when such care has been used, or where the defendant neither knows nor has any reason to know that it is called for.

As an alternative theory plaintiff asserts that the defendant breached the duty of care he owed plaintiff by failing to warn her former husband of a possible danger to him. Plaintiff cites *Tarasoff v. Regents of Univ. Cal.,* 17 Cal.3d 425, 551 P.2d 334, 131 Cal.Rptr. 14 (1976). In *Tarasoff* the California court held that a psychotherapist had a duty to warn a third party that a patient

presented a serious danger of violence if the average reasonable professional in the same situation would have foreseen the threat. *Id.* at 431, 551 P.2d at 340, 131 Cal.Rptr. at 20. We have not adopted the rationale in *Tarasoff.* If we were to do so it would not control the question here. Under the *Tarasoff* theory the duty runs only to the intended victim, not to the patient.

As plaintiff's third theory she seeks contribution or indemnity in the event she is held liable for damages in the suit brought by the estate of her former husband.

II. There is a certain strength in plaintiff's arguments. This suit might seem to result from logical extensions of theories underlying our malpractice cases. And plaintiff is right in pointing out that we have held criminal activity by a tort plaintiff is not necessarily a bar to recovery. *Katko v. Briney*, 183 N.W.2d 657, 660–02 (Iowa 1971).

▮▮▮▮ We reject plaintiff's theories of recovery, not because they cannot be rationalized, but because they cannot be justified. The general rule is:

> that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or to maintain a claim for damages based on his own wrong or caused by his own neglect, . . . or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws
>
> . . . .

1 C.J.S. Actions § 13 pp. 996–97. *See also* 1 Am Jur 2d, Actions, § 51, pp. 583–84. Here plaintiff's responsibility for her criminal conduct was established by her conviction in the murder prosecution which we affirmed. It is that very criminal act which she claims as her damages, an element of recovery in this suit.

We believe that what we have said should also bar the suit brought by plaintiff husband. His loss of consortium claim is not derivative of his wife's claims. *Fuller v. Buhrow*, 292 N.W.2d 672, 675–76 (Iowa 1980). But we think it should nevertheless be barred on the same public policy grounds. Such a claim would also arise from a criminal act. In our view the policies should not allow indirectly for the husband what they disallowed directly for the wife.

We agree with the defendant that it would be, plainly and simply, wrong as a matter of public policy to allow recovery. The trial court erred in refusing to dismiss the suit.

REVERSED.

All Justices concur except LeGRAND, J., who concurs in result.