**CUNA MUTUAL INSURANCE SOCIETY, Appellee,**

v.

**Larry C. MATZKE, Appellant.**

No. 94–609.

Supreme Court of Iowa.

May 24, 1995.

Virgil Moore, Des Moines, for appellant.

William L. Dawe, Barbara A. Hering, and Elizabeth A. Raymond of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

A group insurance policy provided coverage for outstanding loans undertaken by insureds who became disabled. The trial court found the insured was not disabled under the policy's definition and therefore rejected a claim of coverage. We affirm.

Defendant Larry C. Matzke worked as a Des Moines firefighter. He was covered by a group insurance policy issued by plaintiff Cuna Mutual Insurance Society (Cuna).[1] After suffering an employment-related "rotary cuff" injury, Matzke left his employment as a firefighter and began receiving a disability pension of $1640 per month. He also obtained full-time employment (forty hours per week) in the home building industry.

While employed as a firefighter, Matzke had obtained loans from a credit union. Under the terms of the group policy these loans were to be satisfied by Cuna if Matzke became totally and permanently disabled. Claiming he was, Matzke, after paying off the loans, filed a claim asking for reimbursement.

Cuna denied Matzke's claim on the ground he was not totally and permanently disabled under the terms of the policy. Cuna then brought this declaratory judgment action after which both Cuna and Matzke filed motions for summary judgment. The trial court granted summary judgment in favor of Cuna. Matzke brought this appeal to challenge the ruling.

I. The scope of review for summary judgment is for correction of errors at law. Iowa R.App.P. 4. Summary judgment is proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237; *Central Nat'l Ins. Co. v. Insurance Co. of Am.*, 522 N.W.2d 39, 42 (Iowa 1994). The burden is on the moving party to show the absence of a material fact issue, and the resisting party is accorded all possible inferences reasonably deducible from the evidence. *Id.* On appeal we also determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993).

II. The policy definition squares with the definition established by case law which explains the distinction between occupational and general disabilities. An occupational disability policy provides benefits if the claimant is unable to perform his or her regular job; a general disability provision provides benefits if the claimant is unable to perform any job for which he or she is qualified by reason of education, training or experience. *See, e.g.,*

---

1. This policy states in pertinent part:
    If a member becomes totally and permanently disabled (a) prior to a sixtieth birthday and (b) while he is insured under this policy, we will pay off the insured balance of his loan on the same basis as if we were paying a death claim unless otherwise specified. *By total and permanent disability, we mean that because of a medically determined illness or injury the member will never again be able to work at his own job or at any other paying job for which he is suited by education, training or experience for the rest of his life.* We won't pay a disability benefit unless the member has accepted all reasonable medical or surgical treatment to remove his disability. If we pay a disability claim, the member will no longer qualify for insurance under this policy.
    (Emphasis added.)

Hammond v. Fidelity & Guar. Life Ins. Co., 965 F.2d 428, 430–31 (7th Cir.1992); VanderKlok v. Provident Life & Accident Ins. Co., 956 F.2d 610, 614 (6th Cir.1992); Block v. Pitney Bowes Inc., 952 F.2d 1450, 1454–55 (D.C.Cir.1992). Cuna's policy definition also squares with our understanding of total disability. Mason v. Loyal Protective Life Ins. Co., 249 Iowa 1167, 1171–74, 91 N.W.2d 389, 392–93 (1958); Hoover v. Mutual Life Ins. Co., 225 Iowa 1034, 1040, 282 N.W. 781, 784 (1938) (disability is inability to do work previously done by insured or some other work he or she might undertake in usual manner).

■ After his injury Matzke undertook work for a building contractor. He argues he qualifies as totally disabled because of the substantially reduced income he now receives, which he says is only thirty-eight percent of his income as a firefighter. The trial court found his income was reduced substantially but less than claimed. The reduction does not consider Matzke's pension benefits.

Matzke's contention misses the mark. The controlling fact is that the policy protection was general, not occupational, so Matzke's protection coverage was not geared to his occupation as a firefighter. Rather, because he purchased only a general disability policy, Matzke's protection was geared to his ability to obtain any job for which he is suited by education, training and experience. He could and did obtain such a job. Because the policy offered no protection under these facts, the district court was correct in granting summary judgment to Cuna.

**AFFIRMED.**