Cheryl **ANDERSON**, Executor of the Estate of Jay Jacobsen, Deceased, Appellant,

v.

**Dwayne Dudley MILLER** and Jack D. **Miller**, Appellees.

No. 94–1761.

Supreme Court of Iowa.

Feb. 19, 1997.

Joseph B. Reedy, Council Bluffs, for appellant.

David F. McCann of Dippel & McCann, P.C., Council Bluffs, for appellees.

Considered by LARSON, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

Two nineteen-year-olds, Jay Jacobsen and Dwayne Miller, were involved in a one-vehicle accident in Council Bluffs. Jacobsen died as a result of the accident. His mother, as executor of his estate, sued Dwayne Miller as the principal user and alleged driver, and Jack Miller, the owner of the pickup. The defendants filed a motion for summary judgment on the bases that (1) the plaintiff failed to generate an issue of fact to support her claim that Dwayne was the driver; and (2) if Jacobsen was the driver, recovery for his estate would be denied on public policy grounds because he was intoxicated. The district court entered summary judgment for the defendants, and the court of appeals affirmed in a split decision. We vacate the decision of the court of appeals, affirm the judgment of the district court in part and reverse it in part, and remand.

■ On the night of the accident, both Miller and Jacobsen had consumed a considerable amount of alcohol and blood tests revealed that they both were intoxicated. Dwayne testified that Jacobsen was driving, and no direct evidence was available to contradict him. The court held that summary judgment was therefore appropriate.

Iowa Rule of Civil Procedure 237(c) provides:

> The [summary] judgment sought should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

On appeal,

> [w]e review a summary judgment ruling for error. *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 354 (Iowa 1995). Summary judgment may be entered if the record shows "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."

Iowa R.Civ.P. 237(c). Thus, "we examine the record before the district court to decide whether a genuine issue of material fact exists and whether the court correctly applied the law." *Benavides*, 539 N.W.2d at 354. In doing so, we view the facts in the light most favorable to the party opposing the motion for summary judgment. *Hagen v. Texaco Refining & Mktg., Inc.*, 526 N.W.2d 531, 538 (Iowa 1995).

*Gerst v. Marshall*, 549 N.W.2d 810, 811–12 (Iowa 1996).

The district court and the court of appeals held that Anderson failed to show a genuine issue of material fact to support her claim that Dwayne was the driver. The plaintiff, however, argues that circumstantial evidence, along with an inference that the principal user of a vehicle was the driver, was sufficient to raise a genuine issue of fact; this is the first issue. The second issue is whether, if a jury finds that Jacobsen was the driver, his estate nevertheless may recover damages in view of the fact that Miller entrusted the vehicle to the plaintiff's decedent, who was admittedly intoxicated.

## I. *Identity of the Driver.*

■ Although Dwayne Miller's father owned the pickup, and Dwayne was its principal driver, Dwayne contends that he was not driving it at the time; he was too drunk to drive, according to him. The plaintiff contends that granting summary judgment on the identity question was error because there is an inference that an owner (or here, a principal driver) who was present in the vehicle was the operator, *Marean v. Petersen*, 259 Iowa 557, 565, 144 N.W.2d 906, 911 (1966), and that circumstantial evidence also supported her claim that Dwayne was driving.

The defendant rejoins that the inference in question is not available to the plaintiff because (1) this issue was not raised in the district court, and (2) the inference applies only if no direct evidence is available; here, there was Dwayne's testimony that Jacobsen was the driver.

■ **A.** *Preservation of error.* We disagree with the defendants' contention that

the inference was not raised. The plaintiff's memo attached to her resistance to the summary judgment motion stated: "The defendant was the responsible party for the vehicle, [and t]he responsible person is always suspected to be the driver of the vehicle."

Moreover, the district court considered the issue because the inference was discussed in its summary judgment ruling. The court noted that an investigating officer believed that Dwayne, not Jacobsen, was driving because Dwayne was the responsible party for the pickup. It then stated:

> In the normal driving situation this is a perfectly logical assumption of course. However, in this case the defendant explained that the plaintiff took the wheel because he felt defendant Miller was too intoxicated to drive [deposition citations]. There is no evidence, whatsoever, to contradict this explanation.

Because we consider the issue to have been before the district court, we address its application in this case.

**B.** *Application of the inference.* The general rule is that the

> [d]efendant's control of the motor vehicle which inflicted the injury may be presumed where he was its owner, ... where he was its owner and was present in the vehicle at the time of the accident, or where the driver was the one regularly employed by the owner to drive. Such presumptions as to control may be rebutted and they disappear where evidence is produced as to the facts; but the burden of coming forward with such evidence is on defendant.

61 C.J.S. *Motor Vehicles* § 511.27, at 439–40 (1970). The general rule is also stated in 8 Am.Jur.2d *Automobiles & Highway Traffic* § 996, at 156 (1980):

> In a number of motor vehicle accident cases it has been necessary to determine who, as between the owner and other occupants of the vehicle, was driving such vehicle at the time of the accident, where there is no direct testimony by survivors or eyewitnesses. It has been held in some jurisdictions that upon proof of the defendant's ownership of a motor vehicle involved in an accident, a presumption or inference arises

that at the time of the accident the vehicle was in such owner's possession and was being operated by him, and such a presumption has been extended to a situation where the vehicle was in the possession of a bailee. This rule has been adopted particularly where there is a statute making proof of registration prima facie evidence of ownership and of operation by the owner or his agent. This presumption from proof of ownership is rebuttable and disappears from the case when evidence is introduced from which the nonexistence of the fact in issue may be inferred.

In *Marean* we said:

> In any event identity of the driver, being the focal point of our present problem is otherwise established by the inference, sometimes referred to as a rebuttable presumption, that an owner-occupant of a vehicle involved in an accident was being operated by him where there is no direct testimony as to identity of the driver.

259 Iowa at 564, 144 N.W.2d at 910–11.

■  Both parties cite *Marean*. The plaintiff relies on it because it recognizes the inference, and the defendants rely on it because it says that the inference is not available if there is direct evidence to the contrary. *Id.* The question in the present case is whether the inference that Dwayne was driving was destroyed because Dwayne's own testimony tended to rebut the inference. We think not. Despite the broad language of *Marean*, we believe that evidence sufficient to destroy the inference must be objective evidence, not evidence that is likely to be motivated by the interest of the witness. Dwayne Miller could not reasonably be seen as an objective witness. If it is established that he was the driver, he would face possible civil liability and prosecution for criminal acts.

■  We modify *Marean* to require that evidence sufficient to rebut the inference be objective in character. This modification, we believe, is supported by the same rationale as that underlying the analogous inference that a driver is operating a motor vehicle with the owner's consent. *See, e.g., Farm & City Ins.*

*Co. v. Gilmore,* 539 N.W.2d 154, 159 (Iowa 1995); *Moritz v. Maack,* 437 N.W.2d 898, 900 (Iowa 1989). The rationale for the latter inference is said to be

> probability, fairness in the light of defendant's superior access to the evidence, and the social policy of promoting safety by widening the responsibility in borderline cases of owners for injuries caused by their vehicles.

*McCormick on Evidence* § 343, at 581 (John William Strong ed., 4th ed. 1992).

Because the only direct evidence tending to rebut the inference could not be fairly characterized as objective in this case, it should not have negated the inference. Also, *Marean* itself suggests that the inference will not be totally destroyed just because other evidence is available. In that case, there was circumstantial evidence of the driver's identity (the position of the owner's body behind the steering wheel) yet we considered the inference together with the circumstantial evidence on the question of identification. *Marean,* 259 Iowa at 564–65, 144 N.W.2d at 911.

In addition to the inference concerning the identity of the driver, circumstantial evidence was produced by the plaintiff tending to generate a fact issue. *See Cuna Mut. Ins. Soc. v. Matzke,* 532 N.W.2d 759, 760 (Iowa 1995) ("the resisting party is accorded all possible inferences reasonably deducible from the evidence"). A friend of Jacobsen testified that Jacobsen did not like to drive, even when he was sober. There was also testimony that Dwayne usually drove his own vehicle, and, of course, Dwayne had a motive to falsify his testimony for the reasons stated.

Because the plaintiff raised a genuine issue of material fact as to the identity of the driver, it was error to grant summary judgment in favor of the defendants.

## II. *Possibility of Recovery if Decedent Found to be the Driver.*

■ A second issue is raised, one that will likely be faced if a jury finds that Jacobsen was the driver. The issue is whether the driver's estate may recover against Miller for the negligent entrustment of the pickup to a drunk driver, in this case the plaintiff's own decedent. *See* 7A Am.Jur.2d *Automobiles & Highway Traffic* § 646, at 645 (1980) ("One who entrusts a motor vehicle to a person who is intoxicated, under circumstances charging him with knowledge of that condition, is, as a matter of reasonable prudence and experience, liable for injury or damage proximately resulting."). The plaintiff concedes that her decedent was intoxicated; in fact, she relies on her decedent's intoxication in arguing that Dwayne was negligent in entrusting the vehicle to him.

In *Cole v. Taylor,* 301 N.W.2d 766 (Iowa 1981), we held that the plaintiff, who had murdered her ex-husband, could not sue her psychiatrist for failing to prevent her from doing so. In *Pappas v. Clark,* 494 N.W.2d 245 (Iowa App.1992), the court of appeals held that a spouse could not recover on a consortium claim arising out of her husband's illegal drug addiction and related death. Both cases were based on public policy grounds. *Pappas,* 494 N.W.2d at 247–48; *Cole,* 301 N.W.2d at 768.

The plaintiff distinguishes *Cole* and *Pappas* on the basis that those cases involved "major" crimes, while, in this case, "we are concerned with a traffic offense." The negligence of a drunk driver should only be *compared* to that of the defendants, she claims, and should not be a total bar. For the reasons discussed below, however, it is not the seriousness of the offense that determines if the plaintiff's case will be barred.

■ Our public policy does not bar recovery in all cases in which the plaintiff has violated a law. Our comparative fault statute, Iowa Code ch. 668 (1995), demonstrates that; it allows a plaintiff to sue even if the plaintiff has violated the law. For example, a plaintiff who was exceeding the speed limit may recover against another negligent party if the plaintiff's culpability is not over fifty percent.

■ In the hypothetical speeding case, the plaintiff's violation of the law would be raised as a defense against the plaintiff's claim, and the plaintiff would resist the proof tending to establish that. This is quite different from cases, like the present one, in which the

plaintiff must establish his own violation of the law as a necessary element of his claim. When it is necessary for a plaintiff to prove his own criminal act as a part of his claim, public policy intervenes. The general rule is

> that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or to maintain a claim for damages based on his own wrong or caused by his own neglect, ... or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws....

*Cole,* 301 N.W.2d at 768 (quoting 1 C.J.S. *Actions* § 13, at 996–97 (now found at 1A C.J.S. *Actions* § 29, at 386 (1985))); *accord Tate v. Derifield,* 510 N.W.2d 885, 888 (Iowa 1994); *Pappas,* 494 N.W.2d at 247; *Veverka v. Cash,* 318 N.W.2d 447, 449 (Iowa 1982). We agree with the district court on this issue and reject the plaintiff's argument that his estate may recover against Dwayne for negligent entrustment of a vehicle to the plaintiff's decedent. We therefore affirm on the second issue.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED.**