# IN THE COURT OF APPEALS OF IOWA

No. 19-0130
Filed December 16, 2020

**JEFFREY SIMMERMAKER,**
     Plaintiff-Appellant,

**vs.**

**CEDAR COUNTY ATTORNEY,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

     Jeffrey Simmermaker appeals the entry of summary judgment in favor of the Cedar County Attorney in this action in which he alleged violations of his constitutional rights.  **AFFIRMED.**

     Jeffrey Simmermaker, Florence, Colorado, self-represented appellant.

     Carlton G. Salmons of Macro & Kozlowski, LLP, West Des Moines, for appellee.

     Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BOWER, Chief Judge.**

Jeffrey Simmermaker appeals the entry of summary judgment in favor of the Cedar County Attorney in this action in which he alleged violations of his constitutional rights. We affirm.

In June 2018, Simmermaker filed this action pursuant to 18 U.S.C. § 1983, against Jeffrey Renander individually and in his official capacity as the Cedar County Attorney, asserting malicious prosecution, false imprisonment, defamation of character, and violations of Simmermaker's constitutional rights. Simmermaker's original petition alleged Renander initiated an investigation of Simmermaker "based on false evidence," filed a search warrant for a residence based on "fabricated evidence" from an un-vetted and unreliable confidential informant, and "used evidence from [an officer] who stated . . . surveillance on the residence . . . turned up 'high drug traffic[].'" He also asserted Renander had a conflict of interest at the time because he had been Simmermaker's court-appointed attorney in 2001.

In an answer, Renander asserted he did not prosecute Simmermaker and had dismissed the state charges filed against Simmermaker. The answer also stated the federal government successfully prosecuted Simmermaker for criminal charges, for which Simmermaker continues to be imprisoned.

In July 2018, Simmermaker filed a motion to amend the petition to add several additional defendants and claims, which the court allowed.[1] Generally,

---

[1] The only defendant before this court is Renander.

No service of the amended state petition was filed on the additional named defendants—the Cedar County Sheriff's Department, Warren Wethington, Matt Jackson, Tipton Police Department, Lisa Kleppe, Brad Peck, and the Muscatine

Simmermaker alleged the drug task force and police officers committed a number of violations of his constitutional rights. The crux of Simmermaker's claims against Renander is listed in the petition's "statement of facts":

> 35. In 2001 attorney Jeff Renander was appointed counsel to Plaintiff for a possession of marijuana charge.
>
> 36. Plaintiff thinking he had the attorney, client privilege told Mr. Renander personal opinions about the Cedar Co. Police Force + the County Attorney's office.
>
> 37. County Attorney Jeff Renander used client's personal opinions to maliciously + vindictively approve the investigation and used fabricated witness testimony without co[rr]oberating evidence to the witness['s] credibility.
>
> 38. County Attorney Jeff Renander conspired with all named defendants to maliciously prosecute.
>
> . . . .
>
> 61. Jeff Renander should [have] recused himself instantly from investigation. Jeff Renander has violated Plaintiff's constitutional rights of attorney client privilege, by conspiring to maliciously prosecute and inadequate warrant application filing false police reports, with fabricated, biased testimony.

The amended complaint asserted four "counts"; only the first and third have any reference to Renander: (1) violations of 42 U.S.C. § 1983; Fourth and Fourteenth Amendment rights, (2) violations of 42 U.S.C. § 1983; failure to train, supervise, audit, and discipline excessive force; (3) violations of 42 U.S.C. § 1983; malicious prosecution, illegal warrant affidavit application for search warrant, fabricated witness testimony, illegal search of electronic devices, illegal strip

---

County Drug Task Force. The court granted a motion to dismiss for failure to serve that was filed by the Tipton Police Department, Lisa Kleppe, and Brad Peck.

Renander filed a motion with our supreme court to consider a federal court decision filed August 4, 2020, which granted summary judgment on Simmermaker's 42 U.S.C. § 1983 claims filed in federal court. The supreme court ordered the motion submitted with this appeal. Because the defendants involved in that ruling are not before us (Cedar County, City of Tipton, Wethington, Jackson, Kleppe, Peck, the drug task tactical team, Tipton firefighters, and the Mayor of Tipton), the ruling has no bearing on this appeal.

search; and (4) violations of 42 U.S.C. § 1983; unethical conduct, attorney-client privilege violations, giving false or perjured evidence. With respect to the final count, Simmermaker asserted Renander falsely stated he had not represented Simmermaker in the past, Renander had violated his due process rights "by approving an investigation, issuing an invalid search warrant affidavit to the magistrate, . . . . filing false charges brought by a[n] illegal search + seizure from fabricated witness testimony" and "viciously, vindictively and maliciously dismiss charges against Plaintiff to be able to hand case to the Federal Government, because of more severe penalties in the Government."

Renander filed an amended answer denying the allegations as to him and asserted a number of affirmative defenses, including that he did not prosecute Simmermaker for the criminal charges of which he was convicted, the charges he did file were dismissed and custody was transferred to the United States Marshals and because the charge for which Simmermaker was convicted has not been set aside or revoked by other means, Simmermaker's suit is barred by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994), and any "lurking" state law claims are barred under the doctrine of *Cole v. Taylor*, 301 N.W.2d 766 (Iowa 1981).

Renander also filed a motion for summary judgment, supported by a statement of undisputed facts, an affidavit, and attachments. In his affidavit, Renander stated that following the May 12, 2017 execution of a search warrant at the residence where Simmermaker was staying, Simmermaker was charged in Cedar County for possession of methamphetamine. Renander filed the trial information in that case on June 22, 2017. Renander avows, "My next involvement

in this case occurred on October 26, 2017, when I filed a motion to dismiss those charges. I did so because federal prosecuting authorities were taking over prosecution of other felony drug charges against Mr. Simmermaker arising in September, 2017." The possession charge filed by Renander was dismissed.

Renander's affidavit also provides:

4. I was only generally aware that officers of the Muscatine County Drug Task Force continued their investigation of Mr. Simmermaker after May, 2017. I had nothing to do with that investigation but am aware the Assistant Cedar County Attorney, Adam Blank, was aware of and assisted officers in that investigation. As a consequence of that continuing investigation, Mr. Simmermaker was charged on September 12, 2017 with three charges of the manufacture/delivery of methamphetamine. I attach as Renander Group Exhibit B the three (3) felony charges just mentioned filed in the Cedar County District Court. These three charges were eventually assigned Cedar County Case No. FECR 025021.

5. Mr. Simmermaker was held in the Cedar County Jail beginning September 12, 2017, unable to post bond. . . .

6. Mr. Simmermaker remained in the Cedar County Jail until October 26, 2017, at 11:15 a.m. [when] Mr. Simmermaker's custody was transferred to the United States Marshalls as the United States' Attorney's Office in Cedar Rapids was going to undertake federal prosecutions on the same factual bases shown in the state criminal charges, Group Exhibit B.

7. As a consequence of the pending federal charges against Mr. Simmermaker, I filed a Motion to Dismiss in the state criminal case, FECR 025021. I attach as Renander Exhibit E a copy of the Motion to Dismiss filed on October 25, 2017. Also attached as Renander Exhibit F is a copy of the Order, filed on October 26, 2017 granting dismissal of the three (3) felony charges against Mr. Simmermaker, signed by Judge Tom Reidel.

8. To the best of my recollection and belief, the Motion to Dismiss I filed, Exhibit E, represents the only activity I took in connection with the three felony drug charges shown in Group Exhibit B.

Renander argued he was entitled to summary judgment under the holding in *Heck*:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted). Renander argued unless Simmermaker could prove in his summary judgment resistance that his federal court drug conviction imposed on June 13, 2018, "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeus corpus," the court was required to dismiss the amended complaint. He added, "So long as Simmermaker remains in custody where his federal drug conviction remains valid, Simmermaker is barred from suing under 42 U.S.C. § 1983."

Simmermaker filed a belated "verified response" to the motion for summary judgment,[2] which the district court read broadly as a resistance. He filed no other supporting affidavit or documents. In his certified response, Simmermaker

---

[2] We believe Simmermaker's "verification" in this late-filed response is better described as a "certification." *See* Iowa Rs. Civ. P. 1.413(1) (stating verification is abolished but a party's signature "shall be deemed a certificate" that the pleading or filing is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose"), (4) (providing form of certification).

asserted he was *not* claiming that probable cause did not exist regarding the federal charges, which rested on subsequent action. He states the "initial raid" is the "entire focus of Simmermaker in the instant case." Because that "raid" was based on information Simmermaker asserts was false and provided by an unverified informant, the drug-related evidence was found in violation of his constitutional rights. Simmermaker argued: "Had the state's case been properly dismissed for lack of probable cause to support the May 12, 2017 search and seizure, there would not have been a later September 12, 2017 arrest of Simmermaker, this time based on entirely separate and distinct 'controlled buy' evidence."

The district court entered summary judgment in favor of Renander and dismissed Simmermaker's claims.

Simmermaker appeals, asserting the grounds on which the court granted summary judgment are inapplicable. Renander argues that Simmermaker has failed to properly challenge the motion for summary judgment, and alternatively, that he is entitled to judgment as a matter of law under *Heck* and *Cole.*

We review an order granting summary judgment for correction of errors at law. *Albaugh v. The Reserve*, 930 N.W.2d. 676, 682 (Iowa 2019). "Summary judgment is proper when the moving party has shown 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Albaugh*, 930 N.W.2d at 681; *see also* Iowa R. Civ. Proc. 1.981(3).

Simmermaker seeks to distinguish *Heck* because he is not a "state prisoner." *See* 512 U.S. at 487 ("Thus, when a *state prisoner* seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (emphasis added)).  He also asserts that the unlawful activity about which he complains occurred before the activity for which he was indicted and convicted.  He "challenges the defendants' use of investigation technique to procure probable cause for the actual warrant."

We need not discuss Simmermaker's attempt to distinguish *Heck* because summary judgment is required on a more fundamental level noted by Renander. Iowa Rule of Civil Procedure 1.981(5) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . .  When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials in the pleadings*, but the response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.*  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.

(Emphasis added.)

Even as limited by Simmermaker's "resistance," that he is challenging Renander's involvement in the "investigation technique to procure probable cause" for the May 2017 search warrant, he has provided no additional affidavit and has set for no specific facts showing there is a genuine issue for trial.  *See Hudson v. Williams, Blackburn & Maharry, P.L.C.*, No. 08-0577, 2009 WL 139501, at *4 (Iowa Ct. App. Jan. 22, 2009) ("The bare conclusory statements contained in Hudson's resistance and statement of disputed facts are not sufficient to defeat the motion

for summary judgment."); *see also Schulte v. Mauer*, 219 N.W.2d 496, 500 (Iowa 1974) (stating it is "well-settled" that "a party must plead ultimate facts [by affidavits or otherwise] and cannot rely upon conclusions themselves" in resisting summary judgment). "To mount a successful resistance, the challenger must come forward with specific facts constituting competent evidence in support of the claim advanced." *Winkel v. Erpelding*, 526 N.W.2d 316, 318 (Iowa 1995); *see also Hoefer v. Wis. Educ. Ass'n Ins. Tr.*, 470 N.W.2d 336, 338 (Iowa 1991) ("[T]here is no genuine issue of fact if there is no evidence." (citation omitted)).

We accept as true Renander's statement of undisputed material facts. *See Hildenbrand v. Cox*, 369 N.W.2d 411, 413 (Iowa 1985). According to Renander's affidavit and supporting documents, his involvement came *after* the May 2017 search when he filed the trial information alleging possession of methamphetamine and attached minutes of testimony. He also filed the motion to dismiss that charge as well as subsequently filed-state charges. Renander avows, "I was only generally aware that officers of the Muscatine County Drug Task Force continued their investigation of Mr. Simmermaker after May, 2017. I had nothing to do with that investigation." Simmermaker does not challenge the controlled buys that occurred between August and September 2017 and led to the additional state charges which, in any event, were later dismissed. And it is established those controlled buys led to federal charges, Simmermaker was convicted, and remains incarcerated in a federal correctional institution.

We affirm the dismissal of Simmermaker's 42 U.S.C. § 1983 claims against Renander.

**AFFIRMED.**