# IN THE COURT OF APPEALS OF IOWA

No. 20-0062
Filed February 17, 2021

**MARCIA NEMMERS,**
Plaintiff-Appellant,

**vs.**

**CITY OF SPENCER, IOWA,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Clay County, Nancy L. Whittenburg,

Judge.

Marcia Nemmers appeals the dismissal of her claim of wrongful discharge

in violation of public policy. **AFFIRMED.**

Michael Heilman of Brick Gentry, P.C., West Des Moines, for appellant.

Hugh J. Cain, Brent L. Hinders, and Daniel J. Johnston, Des Moines, for

appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Marcia Nemmers filed a petition claiming the City of Spencer (City) wrongfully discharged her in violation of public policy. In Nemmers's petition, she asserted she reported the City discriminated against her based on age on April 22, 2016. The City then terminated Nemmers's employment with the City on November 6, 2017. The City filed a motion to dismiss, asserting Iowa Code chapter 216 (2017), the Iowa Civil Rights Act (ICRA), preempted Nemmers's wrongful-discharge claim. The district court agreed with the City and dismissed Nemmers's petition. Nemmers appeals.

"We review district court rulings on motions to dismiss for failure to state a claim upon which any relief may be granted for correction of errors at law." *Young v. HealthPort Techs., Inc.*, 877 N.W.2d 124, 127 (Iowa 2016). "We will sustain a motion to dismiss only if the petition on its face shows no right of recovery under any state of facts." *Tate v. Derifield*, 510 N.W.2d 885, 888 (Iowa 1994).

The ICRA "preempts an employee's claim that the discharge was in violation of public policy when the claim is premised on discriminatory acts." *Borschel v. City of Perry*, 512 N.W.2d 565, 567–68 (Iowa 1994); *see also Ferguson v. Exide Techs., Inc.*, 936 N.W.2d 429, 435 (Iowa 2019) ("[W]hen a civil cause of action is provided by the legislature in the same statute that creates the public policy to be enforced, the civil cause of action is the exclusive remedy for violation of that statute."). Under this precedent, the ICRA would clearly preempt a wrongful-discharge claim based on age discrimination. *See* Iowa Code § 216.5(1)(a) (defining discriminatory acts to include discharging an employee on the basis of age); *id.* §§ 216.15–.17 (setting forth the procedure for pursuing a

cause of action under the ICRA). Nevertheless, Nemmers maintains her wrongful-discharge claim is viable because it is based on her reporting age discrimination, not that she was actually discriminated against on the basis of age. Her argument overlooks the fact that discharging an employee for reporting a discriminatory practice is itself a discriminatory practice under the ICRA. *See id.* § 216.11(2) (defining discriminatory practice to include retaliating against a person "because such person has lawfully opposed any practice forbidden under this chapter, obeys the provisions of this chapter, or has filed a complaint, testified, or assisted in any proceeding under this chapter"); *see also Hawkins v. Grinnell Reg'l Med. Ctr.*, 929 N.W.2d 261, 269 (Iowa 2019) ("Iowa Code section 216.6(1)(a) forbids discriminatory employment practices based on a protected characteristic, while section 216.11(2) forbids discriminatory and retaliatory employment practices because the employee engaged in a protected activity.").

The ICRA provides the exclusive remedy for Nemmers's claim the City discharged her for reporting age discrimination. Therefore, we affirm the dismissal of her claim of wrongful discharge in violation of public policy.

**AFFIRMED.**