David **LEUCHTENMACHER**, Administrator of the Estate of Alice Leuchtenmacher, Deceased, Appellant,

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY,** Appellee.

No. 89–1196.

Supreme Court of Iowa.

Sept. 19, 1990.

---

Kevin C. Neylan of Neylan Law Office, Elkader, for appellant.

Gale E. Juhl of Morain, Burlingame, Pugh, Juhl & Peyton, West Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

The issue here is whether an insured estate which has recovered in a suit against its own insurance company for uninsured motorist benefits is thereafter precluded from suing the company for its alleged bad-faith failure to settle the claim. The district court, ruling that the earlier suit on the policy precluded a separate suit for bad-faith failure to settle, dismissed the petition. We reverse and remand.

In April 1987, Alice Leuchtenmacher was killed in a collision with a vehicle operated by Robert Odegard. Alice's estate sued both Odegard and Farm Bureau Mutual Insurance Company, Alice's own insurance carrier. The jury returned a verdict for $223,251.57. The court then entered a judgment against Farm Bureau for $97,263, representing the $100,000 policy limit for underinsured motorist coverage less Farm Bureau's previous payment for medical expenses.[1]

Alice's estate filed this lawsuit against Farm Bureau alleging that it had acted in bad faith by denying the estate's claim for underinsured motorist benefits, thus forcing the estate to go to trial. Farm Bureau filed a motion to dismiss on the theory that an action for bad-faith failure to settle must be brought simultaneously with the claim to recover the policy proceeds, and a bad-faith claim not so joined is barred by claim preclusion. The district court sustained the motion to dismiss, concluding that the estate improperly split its claim because the damages sought in both suits arose from a single wrongful act.

■ We have used the terms "claim preclusion" and "issue preclusion" in place of the generic historical term "res judicata." Claim preclusion bars further litigation on

---

1. In a separate appeal arising out of this case, we held it was error to deduct the medical payments, *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 294 (Iowa 1990).

the same claim or cause of action, and issue preclusion bars further litigation on the same issue. *Israel v. Farmers Mut. Ins. Ass'n of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983).

An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination, and a party must litigate all matters growing out of its claim at one time rather than in separate actions. *Id.* However, the right to join related claims does not bar subsequent litigation of a distinct claim that was not joined. *Westway Trading Corp. v. River Terminal Corp.,* 314 N.W.2d 398, 401 (Iowa 1982). In *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279 (Iowa 1976), we discussed the principles of claim preclusion:

> Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial.
>
> ....
>
> [To make that determination, it] is necessary to determine whether plaintiff's first and second actions were the same claim or cause of action within the meaning of this principle.

*Id.* at 286.

A second claim is likely to be considered precluded if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions. *Id.*

The Restatement of Judgments provides this with respect to claim preclusion:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the ·action arose.
>
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24, at 196 (1982).

The Restatement then elaborates:

> The expression "transaction, or series of connected transactions," is not capable of a mathematically precise definition; it invokes a pragmatic standard to be applied with attention to the facts in the cases. And underlying the standard is the need to strike a delicate balance between, on the one hand, the interests of the defendant and of the courts in bringing litigation to a close and, on the other, the interest of the plaintiff in the vindication of a just claim.
>
> ....
>
> In general, the expression [transaction or a series of transactions] connotes a natural grouping or common nucleus of operative facts. Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held to precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series.

Restatement (Second) of Judgments § 24 comment *b.*

In this case, the defendant secured a dismissal of the plaintiff's claim on

a motion to dismiss. Under such a motion, dismissal is proper only if no state of facts is conceivable under which the plaintiff might show a right of recovery. *Lakota Consol. Indep. School v. Buffalo Center/Rake Community Schools*, 334 N.W.2d 704, 708 (Iowa 1983). A motion to dismiss admits the allegations of the petition and waives any ambiguity or uncertainty in the petition. The allegations are construed in the light most favorable to the pleader, and doubts are resolved in his favor. *Curtis v. Board of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978).

Whether the cases arise out of a single transaction or a series of transactions turns on whether there is "a natural grouping or common nucleus of operative facts" and involves "a determination whether the facts are so woven together as to constitute a single claim...." Restatement (Second) of Judgments § 24 comment *b*.

In this case, the court sustained a "speaking" motion, one which contained facts not contained in the petition. However, a motion to dismiss under Iowa Rule of Civil Procedure 104(b) may not be based on facts not alleged in the pleading attacked unless judicial notice can be taken of additional facts. *Curtis*, 270 N.W.2d at 448 (Iowa 1978). The general rule is that it is not proper for the court to consider or take judicial notice of the records of the same court in a different proceeding without an agreement of the parties. *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 311 (Iowa 1982); *McCarthy v. McCarthy*, 162 N.W.2d 444, 447 (Iowa 1968); *Bales v. Iowa State Highway Comm'n*, 249 Iowa 57, 63, 86 N.W.2d 244, 248 (1957); IX Wigmore on Evidence § 2579, at 569–70 (1940).

The question of whether the estate's "bad-faith" case was precluded by the prior suit depends on whether the cases arose out of the same facts. We cannot conclude as a matter of law that they did. In fact, a bad-faith claim might well be based on events subsequent to the filing of the suit on a policy and therefore could not be based on the "same" facts. According-

ly, we reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.