B.F. RILEY, Appellee,

v.

Mary MALONEY, Polk County Treasurer, Appellant.

No. 92–632.

Supreme Court of Iowa.

April 21, 1993.

**19**

John P. Sarcone, County Atty. and Elizabeth Ovrom, Asst. County Atty., for appellant.

Thomas J. Clarke of Isaacson & Clarke; Harvey L. Harrison; and Kermit L. Dunahoo of Dunahoo & Lawry, Des Moines, for appellee.

Brent B. Green and Steven S. Dickinson of Gamble & Davis, P.C., Des Moines, for amicus curiae Iowa Inv. Bankers.

Douglas E. Gross and Jill Thompson Hansen of Brown, Winick, Graves, Donnelly, Baskerville & Schoenebaum, Des Moines, for amicus curiae Merrill Lynch, Pierce, Fenner & Smith.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and ANDREASEN, JJ.

ANDREASEN, Justice.

In *Stanfield v. Polk County*, 492 N.W.2d 648 (Iowa 1992), we affirmed the district court ruling that the defendant was entitled to summary judgment upon its statute-of-limitations defense raised in a class action suit that challenged the validity of a 1986 lease-purchase agreement. In this appeal we must decide if the judgment entered in *Stanfield* is a bar to this second claim that the lease-purchase agreement was illegal and void. The district court held the *Stanfield* judgment was not a bar to the second claim. We find the claim is barred and reverse the district court.

I. *Background.*

Prior to the filing of this lawsuit, a class action suit had been filed by Paul Stanfield and Marilee Reetz against Polk County challenging the validity of a December 23, 1986 lease-purchase agreement. The district court had certified the action as a class action and identified the plaintiff class as "those persons who are *ad valorem* property taxpayers in Polk County, Iowa." Under the court's order, a class action could be maintained for injunctive relief and costs. On May 8, 1991, the district court sustained Polk County's motion for summary judgment. After the court denied a motion to enlarge or amend its findings and decree, Stanfield and Reetz filed their appeal.

The present equitable action was filed on July 12, 1991, by B.F. Riley, another *ad valorem* property taxpayer in Polk County, to enjoin the defendant, Polk County Treasurer Mary Maloney, from making payments under the December 23, 1986 lease-purchase agreement. Maloney filed a motion to dismiss and a motion for summary judgment, urging that the Polk County Treasurer was not a proper defendant, that Riley's claim was barred by the statute of limitations, and that the suit was barred by the res judicata effect of the *Stanfield* judgment. Riley filed a resistance to the defendant's motions together with his motion for summary judgment. The court denied all motions.

The case was tried to the court upon the parties' stipulation of facts and exhibits. On March 10, 1992, the district court filed its findings, judgment, and decree. Although Maloney was a proper party to be named as a defendant, the court concluded the real party in interest was Polk County. *See* Iowa R.Civ.P. 2. The court rejected the defendant's assertion that the cause of action is barred by the doctrine of claim preclusion. Finding the notice given by Polk County regarding the lease-purchase agreement was defective, the court concluded Polk County had no jurisdiction to approve and execute the lease-purchase agreement. Because the lease-purchase agreement was invalid and unenforceable, the court enjoined the defendant treasurer from making further payments under it. The defendant took this appeal on April 15, 1992, after its motion to amend or enlarge was denied by the court.

On October 21, 1992, we affirmed the *Stanfield* summary judgment. Although other issues are raised in this appeal, we

find the claim preclusion defense is dispositive.

## II. *Scope of Review.*

This is an equity case. Our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7).

## III. *Claim Preclusion.*

The district court rejected the claim preclusion defense because Riley was not a member of the class at the time of certification. The court found the certification order was not intended to extend to a future purchaser and taxpayer. The district court also refused to bar Riley's claim because the district court's decision in *Stanfield* had not determined whether the notice of hearing was defective.

■■■ Claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. *Israel v. Farmers Mut. Ins. Ass'n*, 339 N.W.2d 143, 146 (Iowa 1983). A second claim is likely to be considered precluded if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions. *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976). Claim preclusion bars further litigation on the same claim or cause of action; issue preclusion bars further litigation on the same issue. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 859–60 (Iowa 1990). Claim preclusion prevents relitigation of all issues, whether raised or not, following judgment on the same cause of action. *See Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 397 (Iowa 1988).

The petition in *Stanfield* challenged the validity of the 1986 lease-purchase agreement on several constitutional and statutory grounds. The petition sought to have the agreement declared illegal and void and sought to enjoin Polk County and its officers from making payments pursuant to the agreement. Riley's petition alleges the same claims and requests the same injunctive relief. Although the notice issue was not addressed by the district court in *Stanfield*, it was raised at trial and was briefed by the parties on appeal. We addressed the notice issue on appeal and concluded that Polk County substantially complied with the notice requirement. We stated:

> This ruling also disposes of the taxpayers' claim that the county should be enjoined from making further payments on the lease-purchase agreement.... Consequently, the taxpayers may not challenge future payments.

*Stanfield*, 492 N.W.2d at 653.

■■■ The plea of claim preclusion is available only to the parties and their privies to the judgment. *Goolsby v. Derby*, 189 N.W.2d 909, 914 (Iowa 1971). A person is in privity when "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." *Harris v. Jones*, 471 N.W.2d 818, 819–20 (Iowa 1991).

Here, Riley is a twenty-six-year-old college student and son of attorney Robert G. Riley, who solicited funds to prosecute the *Stanfield* litigation and was active in observing and following that action. The only property he ever owned in Polk County is the two lots he purchased on July 5, 1991, at an estimated value of $800. He purchased the lots from Ella F. Patrick Headspeath, who had owned the lots since 1947. The real estate taxes on the lots in 1991 totaled approximately ten dollars.

Under Iowa law, a judgment in a certified class action is binding on all members of the class who did not elect to be excluded from the class. Iowa R.Civ.P. 42.13. Headspeath had not elected to be excluded from the class. As a consequence, Riley would be considered a party or in privity with a party in the *Stanfield* case.

■■■ In the absence of fraud or collusion, a judgment for or against a governmental body, as in a suit instituted by a taxpayer as a representative of a class, is binding and conclusive on all residents, citizens, and taxpayers, with respect to matters adjudicated that are of general and

public interest. 50 C.J.S. *Judgments* § 796(b)(1) (1947). Thus, a judgment relating to the validity of bonds or warrants of a county brought by a taxpayer is binding upon the citizens and taxpayers of the county. *Id.*

■ Generally, a valid and final personal judgment for the defendant bars other actions by the plaintiff on the same claim. Restatement (Second) of Judgments § 19 (1982).

> (1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is:
>
> . . . .
>
> (e) The representative of a class of persons similarly situated, designated as such with the approval of the court, of which the person is a member.

Restatement (Second) of Judgments § 41.

■ For the purpose of claim preclusion, the parties in the *Stanfield* litigation are the same as the parties in this appeal. Riley was a member of the class or in privity with a member of the class certified by the court as plaintiff in *Stanfield*. Polk County was the defendant in both suits. The judgment entered in *Stanfield* is binding on any member of the class who had not filed an election of exclusion. The class action was certified and notice was given as required by our statute. The judgment entered in *Stanfield* and affirmed by us is a bar to Riley's claim. We reverse the district court decision and order dismissal of the case.

REVERSED.

All Justices concur except HARRIS, J. who concurs specially and is joined by LARSON, J.

HARRIS, Justice (concurring).

The majority is entirely correct in holding that the claim preclusion doctrine binds us now to our majority holding in *Stanfield v. Polk County*, 492 N.W.2d 648 (Iowa 1992). Even though we are obliged to submit to that holding, I write separately to state that I persist in my view that *Stanfield* was incorrectly decided.

I continue to regret my inability to persuade the majority in *Stanfield* it could reach the merits of the dispute. On the merits, for reasons explained in my *Stanfield* dissent, I am sure the question is not at all close. The lease-purchase agreement should have been recognized as a private obligation and any payments or further extensions of credit by Polk County should have been enjoined.

LARSON, J., joins this concurrence.