**GRIESS & GINDER DRYWALL, INC., Appellant,**

v.

**Mark MORAN, Rechelle Moran, and United Mortgage, Appellees.**

No. 95–1708.

Supreme Court of Iowa.

April 23, 1997.

Michael P. Holzworth and Jeanne K. Johnson, Des Moines, for appellant.

Timothy R. Williams and Rod K. Maharry, Des Moines, for appellees Moran.

Richard W. Lozier, Jr., and Danielle Shelton, Des Moines, for appellee United Mortgage.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

LAVORATO, Justice.

The decisive issue in this appeal is whether notice of a potential mechanic's lien from a subcontractor to a homeowner before work commences relieves the subcontractor of the statutory requirement to perfect the lien. The district court did not think so and neither do we. We affirm.

In July 1992 Pierce Construction agreed to build a house for Mark and Rechelle Moran. Pierce Construction subcontracted the dry walling to Griess & Ginder Drywall, Inc. at a price of $2696. At that time, legal title to the land was in Pierce Construction, and the Morans had contracted to buy the property.

Before beginning work, Griess sent the Morans a notice pursuant to Iowa Code sections 572.14(2) and (3) (1991). The notice

informed the Morans that (1) Griess was providing labor and materials to their house, (2) Iowa Code chapter 572 permitted enforcement of a lien against their property to secure payment for labor and materials supplied, (3) they were not required to pay more to the lienholder than what they owed to the contractor, and (4) they should not make any further payments to the contractor until the contractor gave them lien waivers from the lien holder. The Morans received the notice on September 15, 1992.

Griess began its work at the Moran house on September 22, 1992, and completed its work on October 5, 1992.

The Morans and Pierce Construction closed their transaction on October 29, 1992, when the Morans received a warranty deed to the real estate and Pierce Construction was paid all it was due. At the closing, the Morans granted James Mortgage Corporation a mortgage pertaining to the real estate which was thereafter assigned to United Mortgage.

During the closing, the Morans mentioned Pierce Construction's financial problems and suggested they put money in escrow. The Morans' realtor discouraged them from doing this because they had "title guarantee" that would protect them no matter what happened.

On February 16, 1993, 134 days after finishing its work, Griess filed a mechanic's lien with the Polk County Clerk of Court against the Morans' property. Griess told the clerk to mail a copy of the lien to the Morans. The Morans denied ever receiving the lien.

On June 21 Griess' attorney advised the Morans by letter that he had been retained to foreclose the lien against their property. One year later Griess filed a petition to foreclose its mechanic's lien against the Morans' property.

Following a foreclosure hearing, the district court found that Griess' lien had not been perfected within ninety days as required by Iowa Code section 572.9. For this reason, the court concluded, Griess' recovery was limited by Iowa Code sections 572.10 and 572.11 to the amount the Morans still owed to Pierce Construction on the date the lien

was perfected. Because the Morans owed Pierce Construction nothing when the lien was perfected, Griess could not recover anything against the Morans. The court discharged Griess' mechanic's lien and dismissed its petition.

On its appeal, Griess contends its September 15, 1992 notice gave the Morans actual notice of Griess' potential mechanic's lien and for that reason Griess was protected to the full extent of its bill even though it filed the mechanic's lien late.

■ Actions to enforce mechanic's liens are tried in equity. Iowa Code § 572.26. Our scope of review is therefore de novo. *Carson v. Roediger*, 513 N.W.2d 713, 715 (Iowa 1994). We examine the entire record and determine the parties' rights anew from the evidence presented. *Northwestern Nat'l Bank v. Metro Ctr., Inc.*, 303 N.W.2d 395, 397 (Iowa 1981). Although we give weight to the fact findings of the district court, we are not bound by them. Iowa R.App. P. 14(f)(7).

■ We have recognized that a mechanic's lien is purely statutory in nature. *Carson*, 513 N.W.2d at 715. A person who furnishes any material or labor for improvements to building or land is generally entitled to a lien to secure payment for the labor and materials furnished. Iowa Code § 572.2.

A person perfects a mechanic's lien by filing it with the clerk of the district court. Iowa Code § 572.8. The lien must be filed within ninety days from the date on which the last of the material was furnished or the last of the labor was performed. Iowa Code § 572.9. If the owner pays the contractor before the lapse of the ninety-day period, the owner is still liable to the subcontractor for labor and materials furnished provided the subcontractor has filed the lien within the time required by law for its filing. Iowa Code § 572.14(1).

■ If the ninety-day period has expired, the subcontractor may still perfect the mechanic's lien. Iowa Code § 572.10. The subcontractor perfects the lien by filing it with the clerk of the district court and giving written notice of it to the owner in the manner of the service of an original notice. *Id.*

In the case of liens perfected pursuant to section 572.10, the lien can be enforced against the property only to the extent of the balance due from the owner to the contractor at the time when the lienholder gives the section 572.10 notice. Iowa Code § 572.11.

Here Griess, the subcontractor, filed its mechanic's lien 134 days after the last work was performed. The late filing triggered sections 572.10 and 572.11.

Under section 572.10, Griess could still perfect its mechanic's lien. However, under section 572.11, the lien could only be enforced against the Morans' property to the extent of the balance the Morans owed the contractor at the time when Griess gave the Morans notice of the lien. The Morans paid the contractor in full long before Griess filed its lien and supposedly gave notice to the Morans of its filing. (The Morans contend they never received the notice.) Because the Morans owed the contractor nothing on the date Griess filed its lien and allegedly gave notice, they owed Griess nothing.

■ Contrary to Griess' contention, providing a section 572.14 notice to the Morans before commencing work did not relieve Griess of the necessity to comply with the statutory requirements for perfecting its mechanic's lien. There is no statutory provision which provides that the section 572.14 notice requirement stands in lieu of the statutory provisions for perfecting the lien. To the contrary, section 572.14(2) is very clear that the subcontractor is entitled to full payment only if the mechanic's lien is "perfected under this chapter." Clearly, the lien must be statutorily perfected *in addition* to the notice. The September 15, 1992 notice simply informed the Morans of the *possibility* of a mechanic's lien; it did not create the lien.

■ The district court correctly discerned that the purpose behind the section 572.14 notice provisions is to protect homeowners from secret liens arising after the owner has paid the contractor. *See* Roger W. Stone, *Mechanic's Liens in Iowa*, 30 Drake L.Rev. 39, 119 (1980–81); *see also Louie's Floor Covering, Inc. v. DePhillips Interests, Ltd.*, 378 N.W.2d 923, 927 (Iowa 1985) (holding that the section 572.14 notice provisions were intended to protect homeowners). Implicit in this purpose is the notion that homeowners are generally unfamiliar with a contractor's use of subcontractors and the owner's direct lien responsibility to the subcontractors. Thus, the section 572.14 notice provisions serve to reduce the risk that a homeowner will become liable to a subcontractor after paying the general contractor within the ninety-day period. As the district court wisely noted, the section 572.14 notice provisions were not designed to create new rights in subcontractors or to free subcontractors from the obligation of filing mechanic's liens in a timely manner.

Here the Morans took the risk of paying the contractor within the ninety-day period. Griess likewise took a risk by filing its lien late. In these circumstances, the mechanic's lien law strikes a balance: The subcontractor is protected but only to the extent the owner owes anything to the contractor when the notice is given. As mentioned, the Morans owed the contractor nothing when Griess filed its lien and allegedly gave the Morans notice.

Because the district court correctly concluded that Griess was not entitled to any recovery on its late-filed lien, we affirm.

**AFFIRMED.**