**GENEVA CORPORATE FINANCE, Successor In Interest To Geneva Business Services, Plaintiff–Appellee,**

v.

**G.B.E. LIQUIDATION CORP., Darla Lane and Richard Lane, Defendants–Appellants.**

No. 98–0925.

Court of Appeals of Iowa.

April 30, 1999.

Douglas H. Napier of Napier, Wolf & Napier, Fort Madison, for appellants.

Richard A. Davidson of Lane & Waterman, Davenport, for appellee.

Heard by SACKETT, C.J., and VOGEL and SCHLEGEL,* JJ.

* Senior judge assigned by order pursuant to

## SACKETT, C.J.

This appeal addresses the preclusive effect in a second lawsuit of an arbitration award reduced to a judgment in a previous lawsuit. In the first suit, plaintiff-appellee Geneva Corporate Finance, successor in interest to Geneva Business Services, obtained a judgment against defendant-appellant G.B.E. Liquidation Corp. for breach of a contract. The contract contained a provision for binding arbitration. Defendants contend the judgment on the arbitration award is res judicata in this suit where plaintiff makes claim against defendant corporation and defendants-appellants Darla Lane and Richard Lane. In this suit, plaintiff alleges the Lanes fraudulently transferred assets from defendant corporation to avoid paying a judgment rendered on the arbitration award. The district court held this claim was not precluded and rendered judgment against the Lanes. They appeal. We affirm.

Defendants Richard and Darla Lane were the sole officers, shareholders, and directors of defendant corporation. On November 6, 1992, Richard, as president of defendant corporation, signed a written contract with plaintiff. Plaintiff agreed to seek a buyer for defendant corporation in exchange for receiving what the parties termed a "success fee." The contract provided plaintiff would also receive the fee if, within twenty-four months after the agreement terminated, the corporation was sold to a purchaser found by plaintiff. The contract also had a clause providing for binding arbitration. The clause provided as follows:

> Any controversy, dispute, or claim between the parties to this Agreement shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association.

On October 6, 1993, defendant corporation notified plaintiff it was terminating the agreement. On January 28, 1994, defendant corporation contracted to sell its

Administration Iowa Code § 602.9206 (1997).

assets to another corporation plaintiff claims it had, prior to the expiration of the contract, identified to defendants as a prospective buyer. . The sale of assets occurred on February 28, 1994. Following the sale, the sum of $1,149,433 was transferred to Richard and Darla Lane's personal account, leaving defendant corporation insolvent.

Plaintiff demanded its "success fee" and invoked the binding arbitration clause of the listing contract. Plaintiff's arbitration demand named defendant corporation and Richard; Darla was not named. The arbitrator awarded plaintiff $109,810, including attorney fees, only against defendant corporation. On July 18, 1995, the district court affirmed the arbitration award and entered judgment against defendant corporation for the amount of the arbitration award.

Plaintiff next brought this suit against the three defendants contending defendant corporation's distribution of the assets of the corporation to defendants Richard and Darla Lane was a fraudulent conveyance and an illegal distribution to shareholders. The Lanes filed a motion for summary judgment contending the arbitration award and resulting judgment was res judicata, precluding further litigation of plaintiff's claims of fraudulent conveyance and illegal distribution. Plaintiff agrees with defendants there are cases where an arbitration award reduced to a judgment can be res judicata. Plaintiff disagrees the judgment on the arbitration award here was preclusive.

The district court overruled defendants' motion for summary judgment finding the arbitration action and the fraudulent conveyance and illegal distribution claims are not identical. The district court further found the evidence necessary to collect the judgment awarded in the arbitration case does not use the same evidence as the evidence plaintiff needs to prove it was entitled to judgment, and the theory of recovery in the two cases is different. The district court found the current claims of plaintiff are not barred by claim preclusion.

The matter was then tried to the district court. The district court found the transfer from defendant corporation to defendants Richard and Darla Lane void to the extent necessary to pay the judgment entered on the arbitration award together with statutory interest and court costs and entered personal judgment against both the Lanes.

The Lanes on appeal contend plaintiff's claims in this action are barred by the judgment entered in the arbitration action. They advance plaintiff's arbitration claims and their claims in this suit rise out of the same transaction. They assert, though defendant Darla was not a party to the arbitration proceeding, she was of privy to defendant corporation, and the fraudulent conveyance and illegal distribution claims could have and should have been raised in the arbitration proceeding.

■ Res judicata as claim preclusion is a bar to further litigation of a claim, while res judicata as issue preclusion is a bar to further litigation of a specific issue. *Bagley v. Hughes A. Bagley, Inc.,* 465 N.W.2d 551, 553 (Iowa App.1990); *Harrison v. State Bank of Bussey,* 440 N.W.2d 398, 399 (Iowa App.1989). We look at each separately. *Bagley,* 465 N.W.2d at 553.

■ Claim preclusion under the doctrine of res judicata is based on the principle a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. The adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions. *Tigges v. City of Ames,* 356 N.W.2d 503, 509 (Iowa 1984); *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 286 (Iowa 1976).

Claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. *Israel v. Farmers Mut. Ins. Ass'n*, 339 N.W.2d 143, 146 (Iowa 1983). A second claim is likely to be considered precluded if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions. *Riley v. Maloney*, 499 N.W.2d 18, 20 (Iowa 1993); *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 860 (Iowa 1990); *B & B Asphalt Co.*, 242 N.W.2d at 286. Claim preclusion prevents relitigation of all issues, whether raised or not, following judgment on the same cause of action. See *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 397 (Iowa 1988).

A final judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim, *Tigges*, 356 N.W.2d at 508, and a valid judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to any part of the transaction. *Id.* A plaintiff's claim is extinguished even though the plaintiff is prepared in the second action to present other grounds or theories not presented in the first action. *Id.* A party is obligated to raise all of his or her theories of recovery or suffer the consequences of claim preclusion. See *id.* at 509.

Plaintiff advances the first action established defendants' liability to plaintiff and this action is based on collecting it. Plaintiff contends the evidence necessary for the judgment in the two cases was not the same.

We first look at whether the fraudulent conveyance and illegal distribution case arose out of the same facts as the arbitration award reduced to judgment. Claim preclusion applies only if the claim for relief litigated in the previous proceeding was the same as the claim of the present action. *West v. Wessels*, 534 N.W.2d 396, 398 (Iowa 1995); *Fournier v. Illinois Cas. Co.*, 391 N.W.2d 258, 259 (Iowa 1986); *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 401 (Iowa 1982). Defendants contend the arbitration award considered the same facts as the district court did in this suit.

Our review is made more difficult because the procedures in an arbitration are not the same procedures as would govern in a trial before the district court. We are unable, in reviewing the arbitration proceeding and award, to find that the facts necessary to decide this action are the same facts that were necessary to decide the arbitration issue. We also agree with plaintiff the arbitration award established defendant corporation's liability under the listing contract and this action deals with collecting the judgment.

or not the claims could have been joined is not controlling. The right to join related claims does not bar subsequent litigation of a distinct claim that was not joined. *Westway Trading Corp.*, 314 N.W.2d at 401.

We find *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858 (Iowa 1990), instructive. In *Leuchtenmacher*, plaintiff, decedent's estate, sued defendant Farm Bureau Mutual Insurance. Farm Bureau was decedent's automobile liability insurance carrier. The suit sought recovery under the underinsured provisions of decedent's policy for damages as a result of decedent's death in a motor vehicle accident. The estate first recovered the limits of decedent's policy and then filed a second suit against Farm Bureau for bad faith in failing to settle the claim. The district court dismissed the second suit finding it was barred by claim preclusion. The Supreme Court reversed saying, "[A] bad faith claim might well be based on events subsequent to the filing of the suit on a policy and therefore could not be based on the 'same' facts." *Leuchtenmacher*, 460 N.W.2d at 861.

The facts necessary to establish liability under the contract are different facts than those necessary to show a fraudulent transfer made to defeat the collection of the judgment in the contract suit. Further events after the judgment in the arbitration award, including the failure of defendant to pay the judgment, were subsequent facts necessary to establish this claim. See *id.* We agree with the district court the judgment on the arbitration award is not res judicata.

■ Defendants further contend the district court's decision was not equitable as plaintiff was unjustly enriched in obtaining its judgment defendants contend was based on the Lanes' labors over the years.

Plaintiff contends defendants failed to preserve error on this issue in that they failed to raise it in the district court. Plaintiff also contends the fairness of the contract was an issue between plaintiff and defendant corporation.

We agree the equities of holding defendant corporation responsible on the listing contract was relevant to establishing liability under the contract. The issue of establishing liability was litigated in the first suit. We do not find the issue defendants now raise to have been raised in this case before the district court. Even if the issue had merit, it is not preserved for review. See *Clark v. McDaniel,* 546 N.W.2d 590, 595 (Iowa 1996).

The judgment of the district court is affirmed.

**AFFIRMED.**