# IN THE COURT OF APPEALS OF IOWA

No. 20-1158
Filed July 21, 2021

**KELLY CONCRETE COMPANY, INC.,**
        Plaintiff-Appellant,

**vs.**

JIM SATTLER, INC.,
        Defendant,

and

**BRETT A. STEPHENSON and LISA A. STEPHENSON,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Lars G. Anderson,

Judge.


        Kelly Concrete Company, Inc. appeals the district court's pre-answer

dismissal of its petition to foreclose on a mechanic's lien.  **REVERSED AND**

**REMANDED.**


        William H. Roemerman of Elderkin & Pirnie, P.L.C., Cedar Rapids, for

appellant.

        Kevin J. Caster and Graham R. Carl of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellees.


        Heard by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Kelly Concrete Company, Inc. (Kelly) appeals the dismissal of its petition to foreclose on a mechanic's lien. The district court granted the pre-answer motion to dismiss because the petition failed to state a claim upon which relief may be granted. In viewing Kelly's allegations in the light most favorable to Kelly with doubts resolved in Kelly's favor, we cannot conclude the petition on its face shows no right of recovery under any state of facts. Thus, the district court erred in granting the Iowa Rule of Civil Procedure 1.421(1)(f) motion. So we reverse and remand the case for further proceedings.

## I. Facts and Procedural history.

Brett and Lisa Stephenson (collectively, "the Stephensons") hired Sattler Inc. as a general contractor to build a custom home. Sattler subcontracted with Kelly to do the concrete work. Kelly performed concrete work on the project between March 28 and June 24, 2019. The amount of its services totaled $64,392.81. By August 7, 2019, Kelly had received $37,266 from Sattler, leaving an outstanding balance of $27,126.89 owed to Kelly.

On December 4, 2019, Kelly posted with the Mechanic's Notice and Lien Registry (MNLR) a Notice of Commencement of Work, a Preliminary Notice, and a Mechanic's Lien. *See* Iowa Code § 572.8 (2019). On April 16, 2020, Kelly's registered agent received a demand to file suit from the Stephensons. *See id.* § 572.28. By agreement between Kelly and the Stephensons, the section 572.28(1) thirty-day deadline to file suit was extended to May 22, 2020. On May 21, 2020, Kelly petitioned to foreclose on its mechanic's lien.

On June 5, 2020, the Stephensons filed an acceptance of service of the lawsuit and also filed a pre-answer motion to dismiss pursuant to rule 1.421(1)(a), (b), and (f). In their motion to dismiss, the Stephensons alleged Kelly failed to perfect its lien because they were "never personally served with [Kelly's] mechanic's lien as required by Iowa Code § 572.10." Attached were affidavits from the Stephensons stating they were never personally served with Kelly's mechanic's lien. Kelly resisted claiming, among other things, the Stephensons were served a copy of the lien when they accepted service of the lawsuit, and in any event, they "tacitly concede[d] that they had actual notice of the existence of the lien" as evidenced by their demand for suit. The Stephensons replied contending Kelly "conflates service of this lawsuit with service of its lien as mandated by Iowa Code § 572.10." They also asserted Kelly was obligated, but failed, under rule 1.302(5), to serve notice of the lien within ninety days of its posting with the MNLR, and that the Stephensons knowledge of the lien was irrelevant.

No hearing was held on the motion. After considering "the file, relevant case law, and written arguments of the parties," the district court found, in part:

> The Court finds that giving written notice of the lien at the same time as service of the petition to foreclose is inappropriate. The statute gives contractors an extension of time to perfect a lien, and [Kelly] attempted to utilize that benefit. [Kelly], though, delayed over five months in giving written notice to the Stephenson Defendants. The statutory scheme appears to contemplate a relatively simultaneous process of first posting the notice in the registry and then serving it; not posting and then waiting many months.
>     Moreover, the Court does not believe that acceptance of the Petition in this case by counsel constitutes service of the required notice. Service of notice is a required precursor to an enforceable lien. The statutory scheme appears designed to maximize notice to the owner. Allowing a subcontractor to post notice, not serve it for

half a year, and only do so as part of litigation to enforce the very same lien contradicts this scheme. If [Kelly]'s position is correct, there would be no point to the separate statutory requirement of service of notice. Any subcontractor could avoid separate service of the notice and simply file a petition with notice attached.

Plaintiff argues that service of written notice need only comply with the requirements of original notice, however, original notices must be served on defendants within 90 days of filing the petition. Iowa R. of Civ. P. 1.302(5). Likening a posted lien to a petition, Plaintiff should have, under their theory, served Defendants with written notice of the lien by March 3, 2020. The Court concludes that, to the detriment of [Kelly], the lien was never perfected under Iowa Code § 572.10, and [Kelly] has no mechanic's lien on Stephenson Defendants' property. The Motion to Dismiss should be and is granted for failing to state a claim upon which relief may be granted.

Kelly appeals.

## II. Standard of Review.

Our review of a district court's ruling on a motion to dismiss is for the correction of errors at law. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014). We will sustain a motion to dismiss only if the petition on its face shows no right of recovery under any state of facts. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 861 (Iowa 1990). A motion to dismiss admits the well-pleaded facts in the petition and waives any ambiguity or uncertainty. *Id.* In construing a petition on appeal from a motion to dismiss for failure to state a claim, the appellate court views the plaintiff's allegations in the light most favorable to the plaintiff with doubts resolved in that party's favor. *Mlynarik v. Bergantzel*, 675 N.W.2d 584 (Iowa 2004)

## III. Analysis.

A mechanic's lien is purely statutory. *Griess & Ginder Drywall, Inc. v. Moran*, 561 N.W.2d 815, 816 (Iowa 1997). "A person who furnishes any material

or labor for improvements to building or land is generally entitled to a lien to secure payment for the labor and materials furnished." *Id.* (citing Iowa Code § 572.2).

Before suing to enforce a mechanic's lien, the lien must be perfected. Iowa Code § 572.24(1) ("An action to enforce a mechanic's lien, . . may be commenced in the district court *after* said lien is perfected." (emphasis added)). A person perfects a mechanic's lien by "posting to the mechanics' notice and lien registry internet site a verified statement of account of the demand due the person, after allowing all credits, setting forth: [certain information.]" *Id.* § 572.8(1). Perfection of the lien becomes a two-step process if a contractor fails to perfect its lien within ninety days after the last of the material was furnished or the last of the labor was performed. *Id.* § 572.10. If the ninety-day period has expired, as in this case, a contractor, or subcontractor may perfect a mechanic's lien under section 572.8 by "posting a lien to the mechanics' notice and lien registry internet site *and* giving written notice to the owner." *Id.* (emphasis added). The written notice to the owner "may be served by any person in the manner original notices are required to be served." *Id.* Liens perfected under this latter provision, however, are enforced "only to the extent of the balance due from the owner to the contractor at the time of the service" of the notice set out in section 572.10. *Id.* § 572.11. An action to enforce a mechanic's lien must be filed within two years from the expiration of ninety days after the date on which the last of the material was furnished or the last of the labor was performed. *Id.* § 572.27. If an owner serves a written demand on a claimant requiring that claimant to bring an action to enforce the lien, as was done here, the claimant shall bring the action within thirty days thereafter, "or the lien and all benefits derived therefrom shall be forfeited." *Id.* § 572.28.

On appeal Kelly argues the district court erred in granting the motion to dismiss because the district court (1) misconstrued section 572.10 in concluding a lien claimant must serve its lien in the manner of an original notice, (2) went beyond the pleadings in deciding the merits of the motion to dismiss, and (3) concluded that a mechanic's lien may not be perfected simultaneously with a lawsuit.

We address Kelly's third argument first.  We agree with the district court that a mechanic's lien is not perfected under section 572.10 by giving the owner notice of the lien simultaneously with service of the foreclosure suit papers.  Section 572.24 provides that an action to enforce a mechanic's lien may be commenced *after* the lien is perfected.  It follows that the section 572.10 giving notice of the lien requirement must be met *before* suing.  It is a required precursor to suing.  Service of process of an action necessarily occurs after the filing of the action.  So giving a section 572.10 notice of the lien simultaneously with service of the foreclosure suit papers does not perfect the lien before suing and fails to meet the requirements of section 572.24.  But that does not end our discussion.

We move on to Kelly's second argument—that the district court went beyond the pleadings in deciding the motion to dismiss.  Holding that "giving written notice of the lien at the same time as service of the petition to foreclose is inappropriate," the court found Kelly's lien was never perfected under section 572.10.  Implicit in that finding is that Kelly did not give the requisite written notice of the lien to the Stephenson's before suing.  The court's conclusion could only be reached by considering matters beyond the petition.  "[A] motion to dismiss must be based upon matters alleged in the pleading assailed; facts not so appearing,

except those of which judicial notice may be taken, must be ignored." *See* Iowa R. Civ. P. 1,421 official comment, matters outside pleadings (citations omitted).

Paragraph 15 of Kelly's petition alleges: "Pursuant to Iowa Code §§ 572.8 and 572.10, Kelly Concrete perfected its lien by filing a verified statement of account of the demand due to Kelly concrete, after allowing all credits, and setting forth all required information on the MNLR." To be sure, the petition is silent on whether Kelly delivered written notice of its lien to the Stephensons before suing. It is tempting to apply the maxim "expressio unius est exclusio alterious"— expression of one thing is the exclusion of another. *Sanford v. Manterach,* 601 N.W.2d 360, 371–72 (Iowa 1999); *Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995). Here, the express mention of completion of step one, posting the lien on the MNLR website, without mentioning step two, giving written notice to the Stephenson's, supports an inference that Kelly did not complete step two. But the maxim usually applies to statutory and contract construction. *Id.*; *Peak v. Adams*, 799 N.W.2d 535, 548 (Iowa 2011). We find no authority in Iowa's jurisprudence applying the rule to motions to dismiss attacking a petition. In any event application of the rule here would conflict with our liberal notice-pleading standards. The framework under which we evaluate rule 1.421(1)(f) motions to dismiss for failure to state a claim is well-established:

> A court should grant a motion to dismiss if the petition fails to state a claim upon which any relief may be granted. In considering a motion to dismiss, the court considers all well-pleaded facts to be true. A court should grant a motion to dismiss only if the petition on its face shows no right of recovery under any state of facts . . . .
> A petition need not allege ultimate facts that support each element of the cause of action; however, a petition must contain factual allegations that give the defendant fair notice of the claim asserted so the defendant can adequately respond to the petition.

> The fair notice requirement is met if a petition informs the defendant of the incident giving rise to the claim and of the claim's general nature.

*U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009) (citations and internal quotation marks omitted). "In order to sustain [the motion], we must conclude that *no state of facts is conceivable* under which plaintiff might show a right of recovery." *Lakota Consol. Indep. Sch. v. Buffalo Ctr./Rake Cmty. Sch.*, 334 N.W.2d 704, 708 (Iowa 1983) (emphasis added). "[W]e consider [the petition] in the light most favorable to the plaintiff and resolve all doubts and ambiguities in the plaintiff's favor." *Stessman v. Am. Black Hawk Broad. Co.*, 416 N.W.2d 685, 686 (Iowa 1987). "The impact of this philosophy of pleading has virtually emasculated the motion to dismiss for failure to state a claim." *Unertl v. Bezanson*, 414 N.W.2d 321, 324 (Iowa 1987). "Nearly every case will survive a motion to dismiss under notice pleading." *U.S. Bank*, 770 N.W.2d at 353.

Conditions precedent need not be pleaded under our notice pleading rules. *See Trs. Of the Iowa Laborers Dist. Council Health & Welfare Trust v. Ankeny Cmty. Sch. Dist.*, 865 N.W.2d 270, 274-75 (Iowa Ct. App. 2014); *Anderson v. State*, No. 15-0212, 2015 WL 6508508, at *2 (Iowa Ct. App. Oct. 28, 2015).[1] So the fact that Kelly failed to plead giving notice of its lien to the Stephenson's before filing suit is not fatal, for even with its omission from the petition, we cannot conclude, without going outside the petition, Kelly failed to give notice to the Stephensons. Thus, in looking at the face of the petition in a light most favorable to Kelly, we

---

[1] But we think the better practice would be to plead conditions precedent in the petition.

cannot say there is no conceivable state of facts under which Kelly might show a right of recovery.

The district court erred in dismissing Kelly's petition for failure to state a claim. We therefore reverse and remand for further proceedings.

In view of our disposition, we comment on but need not decide Kelly's first argument—that the district court erred in concluding that section 572.10 requires a lien claimant to serve its lien in the manner of an original notice. Section 572.10 states a general contractor or subcontractor may perfect a mechanic's lien by posting the lien to the MNLR "and giving written notice thereof to the owner." It then states: "Such notice *may* be served by any person in the manner of original notices are required to be served." (Emphasis added.) "[T]he word 'may' normally implies permissive rather than mandatory action or conduct. However, the word has been and is to be construed as mandatory, or the equivalent of 'shall' where logic and context so require." *Schultz v. Board of Adjustment*, 139 N.W.2d 448, 451-52 (Iowa 1966) (citations omitted); Iowa Code § 4.1(30)(a),(c) (in construing statutes the "shall" imposes a duty and the word "may" confers a power). We note, one legal commentator opines a lien filed after a lapse of ninety days following claimant's last day of work must be served just as an original notice, which generally requires service by the sheriff or process server. Roger W. Stone, *Mechanic's Liens in Iowa—Revisted*, 49 Drake L. Rev. 1, 37 (2000). Permissive or mandatory? We leave that question for another day.

And the district court's apparent application of Iowa Rule of Civil Procedure 1.302(5) is a bit concerning. That rule allows a court to dismiss an action if service of the original notice is not made within ninety days after filing the petition. The

district court found, "Likening a posted lien to a petition, [Kelly] should have, under [the Stephensons] theory, served [the Stephensons] with written notice of the lien by March 3, 2020." Section 572.10 provides the giving of written notice to the owner, "*may* be served by any person in the *manner* original notices are required to be served." (Emphasis added.) While the notice may be served in the manner of an original notice, the statute does not require the notice to be served within the time set forth in rule 1.302(5). Again, that is a question for another day.

**REVERSED AND REMANDED.**